UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KATHIE L. BERNA, PETER P. BERNA, SR.,
DANIEL P. BERNA, STEPHANIE GADWELL,
CHRISTINE LUEVANOS, ANGELENE LUEVANOS,   Case No 06-14051
ALLEN GUNTHER, CHARLES SCOTT, ROBERT
MACLEOD, DEBORAH MACLEOD, CLIFFORD       Hon. John Feikens
WITTING, GINO STAVOLA, SANDRA JOHNSON,
EDWARD JOHNSON, ALBERT MAURICIO, BELLA
MAURICIO, STEPHANIE A. GADWELL, ROBERT J.
GADWELL, ROBERT T. GADWELL, and all
similarly situated and affected individuals,

      Plaintiffs,

v.

CITY OF DETROIT, LOUISE LIEBERMAN, VICTOR MERCADO,
GARY FUJITA, GEORGE ELLENWOOD, JOHN MCGRAIL,
DARYL IVORY, WILLIAM CRAFT, JARED RICHARDS,
DETROIT WASTEWATER PARTNERS, MEANS
SVERDRUP/WAGE-TRIM, SVERDRUP ASSOCIATES, INC.,
WAGE-TRIM ASSOCIATES, INC., MALCOLM PRNIE, INC.,
APPLIED SCIENCE, INC., CECIL LUE-HING & ASSOCIATES,
INC., SIGMA ASSOCIATES, INC., CHARLIE WILLIAMS &
ASSOCIATES, INC., PROJECT INNOVATIONS, INC.,
CONSULTING ENGINEERING ASSOCIATES, INC., COLE
FINANCIAL SERVICES, INC., CONSTRUCTION DYNAMICS
GROUP, INC., HISHON ENVIRONMENTAL CONSULTING,
INC., RIBWAY ENGINEERING GROUP, INC., TESTING ENGINEERING
CONSULTANTS, INC., and TUCKER YOUNG JACKSON TULL, INC.,

      Defendants.
_____/

**ORDER DISMISSING CASE**

  I previously dismissed an action by all Plaintiffs against all Defendants on the same counts for failure to state a claim upon which relief could be granted, despite numerous chances to amend the complaint.  <u>Berna v. City of Detroit</u>, Case No. 05-74521, 2006 U.S. Dist. LEXIS 42440 (E.D. Mich. June 23, 2006).  I did so in part because the failure to specify property interests was fatal to

all counts, as Defendants could not be expected to answer a complaint alleging damages to property without knowing the location of such property or the nature of the interests it allegedly infringed. Id. "The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir. 1994).

Under a new case number, the same Plaintiffs now bring the same counts against the same Defendants. When a case is dismissed for failure to state a claim upon which relief can be granted because a defendant cannot reasonably be expected to answer the complaint, that dismissal is with prejudice, so a plaintiff cannot get yet another chance to correct the complaint by filing a new case. In other words, Plaintiffs' earlier failure to follow this Court's instructions in amending its Complaint means that they may not bring these claims, or similar claims, against any of the above Defendants in either state or federal court. Therefore, I DISMISS this action with prejudice, and note that any future attempt by Plaintiffs to file a lawsuit against these Defendants based on these or similar claims risks heavy sanctions. **IT IS SO ORDERED.**

Date:  September 22, 2006                    s/John Feikens
                                             United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on September 22, 2006, by U.S. first class mail or electronic means.

                                             s/Carol Cohron
                                             Case Manager